UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FU DA INTERNATIONAL, LTD.,					Docket No.: 08 CV 5164

                Plaintiff,

    -against-

KOHLS DEPARTMENT STORES, INC.,

                Defendant,
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S PRE-ANSWER MOTION TO DISMISS

Dated: Carle Place, New York
       July 8, 2008

                              STEVEN F. GOLDSTEIN, L.L.P.
                              Attorneys for Defendant
                              KOHL'S DEPARTMENT STORES, INC.
                              One Old Country Road, Suite 318
                              Carle Place, New York  11514
                              (516) 873-0011

Of Counsel

STEVEN F. GOLDSTEIN (2076)
CHRISTOPHER R. INVIDIATA (1140)

# POINT
## Standards for the interpretation and enforcement of forum selection Clauses

In New York, an unambiguous contract is interpreted in accordance with the plain meaning of the words and phrases therein; This of course includes the terms of a forum selection clause, which must be enforced if it is unambiguous and its enforcement would not be unreasonable or unjust.. *Creditek LLC v. North General Hospital*, No. 07 Civ. 9322 (DLC), 2008 WL 394805, *1 (SDNY, 2008); citing *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir., 1990) and *D.H. Blair & Co, Inc. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir., 2006). The Federal Courts will generally try and avoid an interpretation of a contract which renders one of its terms or clauses meaningless. *Shaw Group v. Triplefien Int'l Corp.*, 322 F.3d 115, 124 (2d Cir., 2003).

The Second Circuit Court of Appeals, in the 2007 case of *Phillips v. Audio Active Limited*, 494 F.3d 378 (2nd Cir., 2007), in response to a Rule 12(b)(3) motion to dismiss for improper venue, set the standard by which the enforceability of forum selection clauses is to be determined:

> Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. ... The second step requires us to classify the cause as mandatory or permissive, i.e. to decide whether parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. ... Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. ...
>
> If the forum clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable... The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficient showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Phillips*, 494 F.3d at 383, internal citations omitted.

The Second Circuit in *Asoma Corporation v. SK Shipping Co., Ltd.*, 467 F.3d 817 (2nd Cir., 2006), a matter relating to a forum selection clause in a bill of lading, noted that "[t]he Supreme Court has not specifically designated a single clause of Rule 12(b) as the 'proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause,' nor have we." *Asoma Corporation*, 467 F.3d at 822. The Court went on to state that the "burden [is] on the plaintiff, who brought suit in a forum other than the one designated in the forum selection clause, to make a 'strong showing' in order to overcome the presumption of enforceability." *Id*, citing *New Moon Shipping Co., Ltd. v. MAN B & W Diesel, AG*, 121 F.3d 24, 28 (2nd Cir., 1997).

Less than a month ago, the Honorable Judge Sidney Stein of the District Court of the United States, Southern District of New York, issued a decision which consisted largely of an intensive examination of forum selection clauses in the Second Circuit, and of the *Phillips* standards relating to them. He noted that "[t]here is a split of authority in the Second Circuit regarding the appropriate procedural mechanism by which to enforce a forum selection clause," noting decisions granting motions made under 12(b)(1) for lack of subject matter jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim. *Cfirstclass Corp. v. Silverjet PLC*, __ F.Supp.2d __, 2008 WL 2389811 (S.D.N.Y., June 11, 2008), citing *AVC Nederland BV v. Atrium Inv. Partnership*, 740 F.2d 148, 152 (2nd Cir., 1984); *Phillips*, infra; *Evolution Online Systems, Inv. v. Koninklijke PTT Nederland NV*, 145 F.3d 505, 508 (2nd Cir., 1998).

Judge Stein went on to apply the *Phillips* four part analysis. He found, first that the mere

fact that the plaintiff in that matter was a party to each of the contracts in question adequately demonstrates that the forum provisions therein were reasonably communicated thereto, satisfying the first of the four inquiries. *Cfirstclass*, 2008 WL 2389811 at *3.

The court then reviewed the language of the provision, which stated that "disputes arising hereunder shall be submitted to the exclusive jurisdiction of the Courts of England and Wales." Judge Stein found that this language "plainly declaims 'the parties' intent to make jurisdiction exclusive,'" thus satisfying the second of the four inquiries. *Cfirstclass*, 2008 WL 2389811 at *3.

Judge Stein noted as well that "the scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it. ... Whether a forum selection clause encompasses other claims depends principally on how broadly the clauses are worded. " *Cfirstclass*, 2008 WL 2389811 at *4, citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2nd Cir., 1993). He goes on to state that "a contractually-based forum selection clause will also encompass tort claims if the tort claims ultimately depend upon the existence of a contractual relationship between the parties, or if resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract." *Id*. He notes of course that at this time, the clause is "presumptively enforceable, and that the burden of proof shifts to the resisting party, who "may overcome this presumption by making a sufficiently strong showing that the clause is unenforceable for any of the reasons discussed by the Second Circuit in the *Phillips* case. *Id*, citing *Phillips*, supra.

We turn now specifically to the forum-selection clauses contained within the contracts entered into by the parties to this matter, in terms of the four-point *Phillips* analysis.

## POINT II

### The forum-selection clauses were communicated to the plaintiff

As noted above, representatives of the plaintiff in this matter signed two separate agreements relating to and creating the business relationship between Fu Da and Kohls, the Vendor Support Agreement and the Trading Partner Agreement.

The Vendor Support Agreement entered into by Fu Da explicitly incorporates by reference the Merchandise Purchasing Order Terms and Conditions found on the Kohl's website. As noted above, those terms include a simply, plainly and <u>broadly</u> stated forum selection clause, granting the State and Federal Courts in the State of Wisconsin "exclusive jurisdiction" over "[a]ny suit, action or proceeding against us with respect to our Purchase Order or the parties' relationship or actions with respect thereto." In signing the Vendor Support Agreement, which clearly and unambiguously states that any and all purchase orders entered into between these two parties were subject to those terms and conditions, the plaintiff has expressly and explicitly agreed thereto.

Additionally, the Trading Partner Agreement also entered into by the plaintiff, contains a differently-worded but equally broad forum selection clause. It states specifically that the Courts in Waukesha County, Wisconsin have "exclusive jurisdiction" over all disputes, claims or lawsuits arising out of that agreement.

As noted by Judge Stein, the mere fact that these clauses were present in the agreements which were expressly agreed to by the plaintiff, in writing, is itself sufficient evidence that they were adequately communicated to the plaintiff in this matter. *Cfirstclass*, 2008 WL 2389811 at

*3. Having entered into not one but <u>two separate agreements</u> with Kohl's, <u>both</u> of which contained broadly and clearly worded clauses vesting Wisconsin with the *exclusive* jurisdiction over these claims, the plaintiff can not now claim that the terms of those clauses were not adequately communicated to them.

## POINT III

### The clauses are mandatory rather than permissive.

Where the contract utilizes phrases such as "are to be brought in" in connection with the forum selection clause, the clause is clearly mandatory, rather than permissive; unlike phraseology such as "shall come within the jurisdiction of," which has been found to be permissive "because it dealt solely with jurisdiction *without indicating that such jurisdiction was exclusive.*" *Phillips*, 494 F.3d at 386, emphasis added.

Both of the clauses in operation in this matter are clear that they not only vest the Wisconsin courts with jurisdiction over this matter, but that those courts "shall" have "exclusive" jurisdiction. This is clearly sufficient to establish the mandatory nature of the forum selection clauses. *See Phillips*, 494 F.3d at 386; *Cfirstclass*, 2008 WL 2389811 at *3.

## POINT IV

### The claims and parties are subject to the forum selection clauses herein.

As stated by Judge Stein, "a contractually-based forum selection clause will also encompass tort claims if the tort claims ultimately depend upon the existence of a contractual relationship between the parties, or if resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of

contract." *Cfirstclass*, 2008 WL 2389811 at *4, citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2nd Cir., 1993).

As noted above, the plaintiff in this matter claims breach of contract, and subsequently makes further claims all of which arise solely and entirely out of Kohl's alleged breach of contract. All of the claims in this matter relate to the sale of goods between the parties to this action, which sale was governed by the agreements entered into by the parties, and by the Terms and Conditions expressly agreed to by Fu Da. The plaintiff thus can not possibly claim that either Fu Da or the claims brought thereby are not subject to these clearly-stated contractual terms.

## POINT V

### Enforcement of the forum clauses is neither unreasonable nor unjust

As stated by the Second Circuit, "[i]f the forum clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Phillips*, 494 F.3d at 383.

As the two active forum selection clauses operable in this matter were both communicated to the plaintiff here, had mandatory force, and clearly cover the parties and claims involved in this dispute, it is respectfully submitted that the clauses are enforceable, and Kohl's has thus made out a prima facie case of its entitlement to have this matter dismissed in its entirety, and the burden of proof now falls on the plaintiff to "rebut[] the presumption of enforceability by making a sufficient showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."*Phillips*, 494 F.3d at 383.

While the burden of proof now belongs to the plaintiff to rebut the presumption of enforceability, a few pre-emptive comments are called for here. It has been noted before in the Southern District that the mere existence of a valid forum selection clause grants the chosen forum personal jurisdiction over the parties to the agreement. *Interested London Underwriters v. Kelly Global Logistics, Inc.*, No. 06 Civ. 5845 (PKL), 2008 WL 558038, FN.8 (S.D.N.Y., 2008); citing *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F.Supp.2d 328, 332 (SDNY, 2005). Similarly, the mere fact that the parties to an agreement selected a specific forum in the course of a contract in and of itself amounts to a concession by those parties that they are capable of trying the matter in the forum selected. *Id*, at FN8; citing *Philips*, 494 F.3d 378, 393.

Fu Da International is an enormous, sophisticated business entity with international holdings and concerns. They do business throughout the country and the world, and could as easily prosecute an action in Wisconsin as they could in New York. As a sophisticated business entity, dealing at arm's length, they openly and expressly agreed to try any actions relating to their business relationship with Kohls in either the State or Federal Courts located in the State of Wisconsin, and there can be no reasonable allegation that the forum selection clauses were obtained by fraud or overreaching.

## CONCLUSIONS

The forum selection clauses in operation in this matter are valid and enforceable, and mandate that all of the claims made by the plaintiff in this matter be brought in either Waukesha County, Wisconsin, or in the United States District Court for the Eastern District of Wisconsin, and state expressly that those courts have exclusive jurisdiction over these claims. As such, it is respectfully requested that this Court issue an Order, pursuant to F.R.C.P. 12(b) (1), 12(b)(3),

12(b)(6), and/or 28 U.S.C. 1406(a) dismissing this matter in its entirety as being improperly brought in this Court, together with such other, further and different relief as this Court deems just and proper.

Dated: July 8, 2008
       Carle Place, New York

                                                STEVEN F. GOLDSTEIN (2076)