UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FU DA INTERNATIONAL LTD.,                  :
                                           :
                    Plaintiff,             :
                                           :         08 Civ. 5164 (HB)
         - against -                       :
                                           :         <u>OPINION & ORDER</u>
KOHL'S DEPARTMENT STORES, INC.,            :
                                           :
                    Defendant.             :
------------------------------------------------------------------------x
Hon. HAROLD BAER, JR., District Judge:

      This dispute arises out of a business relationship whereby Plaintiff Fu Da International, Ltd. ("Fu Da"), a ladies' apparel manufacturer/importer, sold merchandise to Defendant Kohl's Department Stores, Inc. ("Kohl's"), a national retailer with offices and stores in New York, pursuant to various sales agreements. Fu Da brought this action against for breach of contract, account stated, unjust enrichment and *quantum meruit*, anticipatory breach and restitution. Kohl's moves to dismiss Fu Da's Complaint, on the ground that forum selection clauses in the parties' contracts require any such suit to be brought in Wisconsin. For the reasons set forth below, Kohl's' motion is denied.

## I.  FACTUAL BACKGROUND

      Fu Da alleges that in April and May 2008, it shipped and delivered to Kohl's ladies' garments for which Kohl's has failed to pay, in breach of the parties' purchase orders. (Compl. ¶¶ 6-39.) Fu Da also alleges that in May 2008 Kohl's improperly canceled various orders that it had placed between July 2006 and December 2007. (*Id.* ¶¶ 40-83.) The Complaint further alleges that Kohl's deducted improper chargebacks and margin support from Fu Da's outstanding invoices, and made improper deductions, returns and cancellations, in violation of the Vendor Support Agreement entered into by the parties on April 5, 2006. (*Id.* ¶¶ 84-136.) Finally, Fu Da brings causes of action for restitution, fraud and unjust enrichment based on Kohl's alleged improper actions. (*Id.* ¶¶ 137-147.)

      The Vendor Support Agreement, which was drafted by Kohl's on April 4, 2006 and signed by Fu Da on April 5, 2006, states that it "outlines terms and conditions governing all purchase orders, in addition to those terms and conditions on www.connection.kohls.com [*i.e.*,

1

Kohl's website]." (Def.'s Ex. B at 1.) The term of the agreement spans the events giving rise to Fu Da's claims in this lawsuit. (*Id.* (agreement effective for Spring 2006 orders and until the parties enter into a new signed agreement).) That Agreement, no matter how much the Defendant may wish it so, does not contain a forum selection or governing law clause.

In connection with this motion, Kohl's submits a document titled "Merchandise Purchase Order Terms and Conditions" ("Terms and Conditions"), which it claims exists on Kohl's' website. (*Id.* at 2.) The document bears the date, April 2008, but Kohl's' claims that this is merely the date that its attorneys printed it from the website and not the date on which the Terms and Conditions went into effect. (*See* Invidiata Aff. in Reply ¶ 4.) That document does contain a forum selection clause that provides that

> [a]ny suit, action or proceeding against [Kohl's] with respect to [Kohl's'] Purchase Order or the parties' relationship or actions with respect thereto shall be brought in Waukesha County, Wisconsin, or in the United States District Court for the Eastern District of Wisconsin, and you hereby submit to the exclusive jurisdiction of such courts for the purpose of any suit, action or proceeding. You waive any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

(*Id.* at 14.) The Terms and Conditions contains a clause that identifies Wisconsin law as the governing law. (*Id.*)

The fly in this ointment, is that there is no evidence that Fu Da agreed to the forum selection clause or the other provisions of the Terms and Conditions or that the Terms and Conditions or any forum selection clause existed on Kohl's' website at the time of execution of the Vendor Support Agreement. Similarly, the purchase orders and worksheets referenced in Fu Da's Complaint also lack a forum selection clause, or any reference to one. (*See* Deng Affidavit Exs. 1 & 2.)

On February 13, 2008, Fu Da and Kohl's entered into a contract drafted by Kohl's and titled "Electronic Data Interchange Trading Partner Agreement" ("EDI Agreement"). (Def.'s Ex. C.) The EDI Agreement sets forth various procedures and rules by which the parties would transmit and receive electronic data relating to purchase, shipping and sales transactions. (*Id.* at 1.) For example, the agreement outlines security procedures, requirements for electronic identification "signatures," the verification of receipt of electronic data, confidentiality of electronic data, and so forth. (*Id.* at 2-3.) The EDI Agreement contains a forum selection clause that provides that "[t]his Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin and exclusive jurisdiction of any dispute, claim or lawsuit arising

from the agreement shall be in Waukesha County, Wisconsin." (*Id.* § 4.4.)

## II. DISCUSSION

Kohl's moves for dismissal on the basis of the forum selection clause pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406(a).

It is not necessary to identify a specific subsection of Rule 12(b), as the Second Circuit has set forth a four-part inquiry to determine whether a claim must be dismissed by reason of a forum selection clause. The first question is whether the party seeking to enforce the clause has shown that the clause was reasonably communicated to the party resisting enforcement. Second, has the party seeking to enforce the clause shown that the clause was mandatory? Third, has the party seeking to enforce the clause shown that the claims and parties are subject to the clause? *See, e.g.*, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007); *John Boutari & Sons, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994); *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1358-61 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993).

Fourth, if the party seeking to enforce the clause has met its burden as to the first three prongs, the burden shifts to the party resisting enforcement to "rebut the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Phillips*, 494 F.3d at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (establishing federal standard relating to enforcement of forum selection clauses applicable in admiralty and international transactions)); *see Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 721 (2d Cir. 1982) (applying *Bremen* standard to contractual dispute in non-admiralty context).

Here, it is clear that the EDI Agreement does not apply to this case, as the agreement does not relate to the purchase orders or the events giving rise to Fu Da's claims and was executed after the sales contracts and purchase orders on which Fu Da bases its claims. (*See* Deng Aff. ¶ 10.) Indeed, in its reply, Kohl's appears to abandon its arguments based on the EDI Agreement; the reply focuses solely on the forum selection clause in the Terms and Conditions and admits that "[t]he EDI Agreement may be dated later than some of the acts described in the complaint, but is there purely for illustrative purposes, and does not change the fact that the Vendor Agreement has the same provision." (Invidiata's Aff. in Reply ¶ 11.)

However, Kohl's, the party seeking to enforce the clauses, has not shown that the forum selection clause in the Terms and Conditions was reasonably communicated to Fu Da, or that the

parties were subject to it.  Although Fu Da was bound to the "terms and conditions on www.connection.kohls.com," as incorporated into the Vendor Purchase Agreement, it was only subject to such terms that existed on Kohl's' website at the time of its entry into the Vendor Purchase Agreement on April 5, 2006.  Fu Da argues that because the date on the Terms and Conditions submitted by Kohl's is April 2008, Kohl's has not shown that the Terms and Conditions existed, or existed in the same form, in April 2006.

Kohl's concedes that a forum selection clause is deemed a "material alteration" of a contract where it is added "after the fact and unilaterally by one party to the agreement, without the consent of the other side."  (Invidiata Aff. in Reply ¶ 9 (citing *Vanlab Corp. v. Blossom Valley Foods Corp.*, No. 04 Civ. 6183, 2005 WL 43772, at *3 (W.D.N.Y. Jan. 10, 2005)).)  If Kohl's added the forum selection clause to its website after Fu Da signed the Vendor Purchase Agreement, it would be unenforceable without evidence of Fu Da's clear and unequivocal agreement to such a clause because it would be an improper material alteration to the Vendor Purchase Agreement.  *See Daisy Industries, Inc. v. Kmart Corp.*, No. 96 Civ. 4211, 1997 WL 642553, at *4 (S.D.N.Y. Oct. 17, 1997); *One Step Up, Ltd. v. Kmart Corp.*, No. 97 Civ. 1469, 1997 WL 391117, at *3 (S.D.N.Y. July 11, 1997); *Statewide Aquastore, Inc. v. Pelseal Techs., LLC*, No. 06 Civ. 93, 2008 WL 1902207 (N.D.N.Y. Apr. 28, 2008).

As the party seeking enforcement of the forum selection clause, Kohl's bears the burden of showing the first three prongs of the test articulated by the Second Circuit in *Phillips*.  Because it has not showed that the forum selection clause that existed in the Terms and Conditions in April 2008 was part of Kohl's' website, and thus incorporated by reference in the Vendor Purchase Agreement, when the parties executed their agreement two years earlier, Kohl's has not carried its burden of showing that the clause was reasonably communicated to Fu Da or that Fu Da was subject to the clause.

On January 12, 2009, while Kohl's motion was *sub judice*, Kohl's submitted to this Court a copy of the decision of the Hon. Richard B. Lowe, III, a Justice of the Supreme Court of the State of New York, County of New York, in the matter of *Bijou International Corp. v. Kohl's Department Stores, Inc.*, Index No. 601765/2008 (filed Dec. 24, 2008).  In *Bijou*, the court dismissed the plaintiff's complaint due to the forum selection clauses in Kohl's' Terms and Conditions, which, as here, were incorporated by reference in the parties' vendor support agreement, and in the EDI Agreement.  However, in that decision Justice Lowe does not address the question of whether the Terms and Conditions, or the forum selection clause therein,

appeared on Kohl's website at the time of the execution of the vendor support agreement; rather, he found that the EDI Agreement was applicable to his case, here it is not. Therefore, for the foregoing reasons, this Court reaches a different conclusion from that reached in *Bijou*.

Therefore, for the foregoing reasons, Kohl's' motion to dismiss is DENIED.

**IT IS SO ORDERED.**
**New York, New York**
**January 21, 2009**

_____
U.S.D.J.